Debtor   Donnie Edward Smith  Kenyetta Natesha Smith

United States Bankruptcy Court for the Middle District of Tennessee

Case number: ☐ Check if this is an

_____

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** **This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.**

**To Creditors:** **Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.**

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

*Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☒ Included | ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☒ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make payments to the trustee as follows**:

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☒ Debtor 1<br>☐ Debtor 2 | **$ 685** | **Month** | **60** months | ☒ Debtor will make payment directly to trustee<br>☐ Debtor consents to payroll deduction from: |
| ☐ Debtor 1<br>☐ Debtor 2 | $_____ | _____ | ___ months | ☐ Debtor will make payment directly to trustee<br>☐ Debtor consents to payroll deduction from:<br>_____<br>_____ |

*Insert additional lines as needed.*

**2.2 Income tax refunds and returns.** *Check all that apply.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☒ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as follows:
_____
_____

**2.3 Additional payments.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.3 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee specified below. Describe the source, estimated amount, and date of each payment.
_____
_____

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is** $ 38,100.00.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security and claim modification.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full through the trustee as stated below. The claim amount stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment |
|---|---|---|---|---|
| Exeter Finance | 2017, Nissan Altima | $ 19,633.35 | 5.5 % | $ 376.00 |
| | | $_____ | _____% | $ _____ |

*Insert additional claims as needed.*

**3.4 Lien avoidance.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

*The remainder of this section will be effective only if the applicable box in § 1.2 is checked.*

☒ The judicial liens or nonpossessory, nonpurchase money security interests listed below impair exemptions to which the debtor(s) would be entitled under 11 U.S.C. § 522(b). The judicial liens or security interests listed below will be avoided to the extent they impair exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim under § 5.1. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan.

| Information regarding judicial lien or security interest | Calculation of lien avoidance | Treatment of remaining secured claim |
|---|---|---|
| Name of creditor: World Finance _____<br><br>Collateral: TV, VCR, Game System, Laptop, & Other HHG's _____<br><br>Lien identification: (such as judgment, date of lien recording, book & page number) Contract _____ _____ | a. Amount of lien $ 1065.00<br>b. Amount of all of other liens $ 1272<br>c. Value of claimed exemptions $ 2500<br>d. Total of adding lines a, b, and c = $4837<br>e. Value of debtor's interest in property $2500<br>f. Subtract line e from line d $2337<br>g. Extent of exemption impairment (Check applicable box):<br><br>☒ **Line f is equal to or greater than line a.** The entire lien is avoided (do not complete next column).<br>☐ **Line f is less than line a**. A portion of the lien is avoided (complete the next column). | **Amount of secured claim after avoidance** (line a minus line f) $_____<br><br>**Interest Rate** (if applicable) _____%<br><br>**Monthly plan payment** $_____<br><br>**Estimated total payments on secured claim** $_____ |
| Name of creditor: Heights Finance _____<br><br>Collateral: TV, VCR, Game System, Laptop, & Other HHG' _____<br><br>Lien identification: (such as judgment, date of lien recording, book & page number) Contract _____ _____ | a. Amount of lien $ 1272.00<br>b. Amount of all of other liens $ 1065<br>c. Value of claimed exemptions $ 2500<br>d. Total of adding lines a, b, and c = $4837<br>e. Value of debtor's interest in property $2500<br>f. Subtract line e from line d $2337<br>g. Extent of exemption impairment (Check applicable box):<br><br>☒ **Line f is equal to or greater than line a.** The entire lien is avoided (do not complete next column).<br>☐ **Line f is less than line a**. A portion of the lien is avoided (complete the next column).. | **Amount of secured claim after avoidance** (line a minus line f) $_____<br><br>**Interest Rate** (if applicable) _____%<br><br>**Monthly plan payment** $_____<br><br>**Estimated total payments on secured claim** $_____ |

**3.5 Surrender of collateral.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

*Insert additional claims as needed.*

| Part 4: | Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations) |

**4.1 Attorney's fees.**

The balance of fees owed to the attorney for the debtor(s) is estimated to be $ **4,250.00**. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. *Check one.*

☒ The attorney for the debtor(s) shall receive a monthly payment of $ **102**.

☐ The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**

**(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.*

*Insert additional claims as needed.*

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*

☒ **None**. *If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.*

*Insert additional claims as needed.*

**4.3 Other priority claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

☒ The priority claims listed below will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below.

| Name of creditor | Estimated amount of claim to be paid |
|---|---|
| Internal Revenue Service (2014-2016) | $ 4,586.00 |
| _____ | $_____ |

*Insert additional claims as needed.*

| Part 5: | Treatment of Nonpriority Unsecured Claims and Postpetition Claims |

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

☒ **0** % of the total amount of these claims.

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ Interest on allowed nonpriority unsecured claims that are not separately classified will be paid at an annual percentage rate of ____ %.

**5.3 Maintenance of payments and cure of default on nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4 Separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

☐ Nonpriority unsecured claims listed below are separately classified and treated as follows:

*Insert additional claims as needed.*

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☒ **Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid |
|---|---|---|---|
| Acceptance Now | Sofa, Loveseat, Tables | $ 139.00<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $ 0 |
| G Tenn Property Management | Residential Lease | $ 1,195<br>Disbursed by:<br>☐ Trustee<br>☒ **Debtor(s)** | $ 0 |

*Insert additional contracts or leases as needed.*

## Part 7: Order of Distribution of Available Funds by Trustee

**7.1 The trustee will make monthly disbursements of available funds in the order specified.** *Check one.*

☒ **Regular order of distribution:**

1. Filing fees paid through the trustee
2. Current monthly payments on Attorney Fee
3. Other fixed monthly payments

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan, the trustee will allocate available funds in the order specified below or pro rata if no order is specified. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee will withhold the partial payment amount and treat the amount as available funds in the following month.

1. _____

Case 3:19-bk-02070   Doc 5   Filed 03/31/19   Entered 03/31/19 12:01:47   Desc Main
Document      Page 5 of 7

2. _____

  4. Disbursements without fixed monthly payments, except under §§ 5.1 and 5.5

    1. _____
    2. _____

  5. Disbursements to nonpriority unsecured claims not separately classified (§ 5.1)
  6. Disbursements to claims allowed under § 1305 (§ 5.5)

☐ **Alternative order of distribution:**

  a. _____
  b. _____

  *Insert additional lines as needed.*

## Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below.** *Check the applicable box to select an alternative vesting date:*

☐ plan confirmation.
☐ other: _____.

## Part 9: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

*Nonstandard provisions must be set forth below.*

*These plan provisions will be effective only if the applicable box in § 1.3 is checked.*

**9.01 Adequate Protection Payments.** Prior to confirmation the Trustee shall pay on account of allowed secured claims as specified in § 5.02(a), (b) and (c) adequate protection payments as required by § 1326(a)(1)(C) commencing the month after the petition is filed provided that a Proof of Claim has been filed. Adequate protection payments shall be disbursed by the Trustee in the customary disbursement cycle beginning the month after the petition is filed.

**9.02 Duties of the Debtor(s).** In addition to the duties imposed by the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules, this plan imposes the following additional duties on the Debtor(s):

**(a) Transfers of Property and New Debt.** Debtor(s) is prohibited from transferring, encumbering, selling or otherwise disposing of any property of the estate with a value of $1,000 or more without first obtaining court authorization. Except as provided in § 364 and § 1304, Debtor(s) shall not incur new debt without first obtaining court authorization or obtaining Trustee consent pursuant to § 1305.

**(b) Insurance**. Debtor(s) shall maintain insurance protecting all property of the estate to the extent of any value in excess of the liens and exemptions on such property.

**9.03 Effective Date of the Plan.** The date the confirmation order is entered shall be the Effective Date of the Plan.

**9.04 Preservation and Retention of Causes of Action**. Trustee and/or Debtor(s) retain the right to pursue any causes of action for the benefit of the Debtor(s) and/or the estate.

**9.05 Provisions Relating to Claims Secured by Real Property Treated Pursuant to § 1322(b)(5).**
Confirmation of this Plan imposes upon any claimholder treated under § 5.01 and, holding as collateral, the residence of the Debtor(s), the obligation to: (i) Apply the payments received from the Trustee on pre-confirmation arrearages only to such arrearages. For purposes of this plan, the "pre-confirmation" arrears shall include all sums designated as pre-petition arrears in the allowed Proof of Claim plus any post-petition pre-confirmation payments due under the underlying mortgage debt not specified in the allowed Proof of Claim. (ii) Deem the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges. Post-confirmation payments shall be maintained consistent with the underlying agreement, commencing with the first payment due after confirmation. If the Trustee disburses these payments, any payment may be adjusted by the Trustee as necessary to reflect changes in interest rates, escrow payments or other matters pursuant to § 9.06. The Trustee shall notify the Debtor(s) and the attorney for the Debtor(s) of any change at least seven days prior to effecting such change.

**NOTICE: Absent timely objection, this plan and any included motions may be approved without further notice or hearing at the conclusion of the Meeting of Creditors.**

**9.06 Postpetition Claims.** Claims allowed pursuant to § 1305 shall be paid in full, but subordinated to distributions to allowed unsecured claims.

**9.07 Filing of Proofs of Claim Required for Payment.** Except as provided in 2.02, a Proof of Claim must be filed before any secured, unsecured or priority creditor will be paid pursuant to this plan. Only allowed claims will be paid.

**9.08 Retirement Loans.** Payments on loans from retirement or thrift savings plans described in § 362(b)(19) falling due after the petition shall be paid by Debtor(s) directly to the entity entitled to receive payments without regard to whether a Proof of Claim is filed.

**9.09 Proof of Claim Controls Amount.** Absent objection, a Proof of Claim, not this plan or the schedules, determines the amount of a claim.

**9.10 Plan Controls Everything Else.** If a claim is provided for by this plan and a Proof of Claim is filed, the classification, treatment and payment of that claim—everything except amount—shall be controlled by this plan.

**9.11 Claims Not Provided for by the Plan.** If a claim is not provided for by this plan and a Proof of Claim is filed, until the plan is modified to provide otherwise, the claim will receive no distribution.

**9.12** Except as provided immediately below, the preprinted language of this form has not been altered.

**These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.**

## Part 10: Signatures:

✖ _____ Date_____

✖ _____ Date_____
**Signature of Attorney for Debtor(s)**
X */s/ Jonathan Augusta*_____ Date \_

✖ _____ Date_____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.**